COLUMBIA GRAPHOPHONE COMPANY, Respondent, *v.* HERMAN LEVITEN and Another, Appellants.

First Department, May 2, 1924.

Sales — action to recover purchase price — agreement required purchaser to give trade acceptance — trade acceptance was not given — corporation defendant cannot be held liable as undisclosed principal — defense that plaintiff violated agreement not to sell to others at lower price not good as defendant first violated contract — plaintiff may recover as for goods sold and delivered — alleged defense is not good as counterclaim and reply not required — summary judgment against individual defendant properly granted.

In an action to recover the purchase price of goods sold to the individual defendant under an agreement requiring him to give a trade acceptance, the corporation defendant cannot be held liable for the goods which were delivered to the individual defendant, since the only possible ground of liability of the corporation is that of an undisclosed principal and recovery cannot be had against it on that ground as there is no allegation thereof, and if there were, plaintiff is bound to elect whether he will hold the agent or the principal.

The defense interposed by the individual defendant that the plaintiff violated a provision in the contract of sale to the effect that it would not sell to any other person at a lower price is not good for the reason that the evidence shows that the individual defendant first broke the contract when he refused to give a trade acceptance and under the circumstances the plaintiff may recover as for goods sold and delivered, notwithstanding it violated the contract.

The alleged defense cannot be upheld as a counterclaim since it is based upon the contract and the defendant does not allege that he performed all the conditions of the contract on his part, and, therefore, a reply was not necessary.

The counterclaim being insufficient, the court properly directed summary judgment for the plaintiff against the individual defendant for the purchase price of the goods since the papers clearly show a good cause of action against him.

APPEAL by the defendants, Herman Leviten and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1923, granting plaintiff's motion, made under rule 113 of the Rules of Civil Practice, for an order striking out the answer and for summary judgment, and also from

the judgment in favor of the plaintiff entered in said clerk's office on the 12th day of September, 1923, pursuant to said order.

*Bernard S. Deutsch,* for the appellants.

*Finis E. Montgomery,* for the respondent.

SMITH, J.:

The defendant Leviten bought of the plaintiff 150 phonographs for $6,887.50. He was to give a trade acceptance upon the delivery of the phonographs, payable shortly thereafter. It appears that the phonographs were delivered with delivery certificates written by the plaintiff and addressed to the defendant Leviten and which apparently were signed by someone in behalf of Leviten.

The only possible connection of the defendant corporation, as shown by the papers, is a letter declining to sign trade acceptances because it does not know whether it can meet the full amount on the date specified. That is signed in the name of the corporation by a clerk.

The action is for the recovery of the price of these phonographs. The defense is in effect a general denial and also a counterclaim based upon a contract made as a part of the contract in question, whereby the plaintiff agreed not to sell to other dealers for a less amount.

The order must be reversed as to the corporation, because, upon the papers shown, both of the defendants cannot be liable. The contract was made with Leviten. The goods were sent to him, as shown by the delivery certificates. The only possible ground of liability of the corporation is on the ground of an undisclosed agency. There is no allegation of an undisclosed agency, but if there were, the plaintiff is bound to elect as to whether it will hold the agent or the principal. (Williston Cont. § 289.) It cannot in any event recover against both of these defendants.

The action seems to me to be good as against Leviten. He made the contract. He refused to give the trade acceptance which he agreed should be given, and has broken his contract. Hence he clearly is liable for the purchase price of the phonographs. He asserts, however, in his answer, both as a defense and a counterclaim, that contemporaneous with this contract and as a part thereof the plaintiff agreed not to sell to any one else at a lower price, and knew that the phonographs were purchased for sale. This, I think, was a perfectly legitimate contract, as the defendant would not want to buy these phonographs and then be undersold by another party to whom the plaintiff had sold at a lower price. As a defense it is not good for the reason that the proof is that the defendant first broke the contract when he refused to give the trade acceptance. When he refused to give that trade acceptance, that relieved the plaintiff from the necessity of complying with its

contract not to sell for a lower price to any other person; and the plaintiff may, nevertheless, recover as for goods sold and delivered, notwithstanding it has violated that contract, because after the defendant has violated his contract by refusing to give the trade acceptance, the defendant cannot require the plaintiff to adhere to its contract which was to be performed subsequent to the delivery of the trade acceptance. It is claimed, however, that this was alleged as a defense and counterclaim, and that there was no reply, and, therefore, the counterclaim is admitted. I do not think a reply was necessary, because the claim of the defendant is that this is a part of the contract of sale, and upon that claim only can he show a consideration for the plaintiff's promise. He nowhere alleges in his counterclaim that he has performed all the conditions of the contract on his part, so that no valid counterclaim seems to be stated.

Holding the counterclaim, therefore, as insufficient for the absence of the allegation of full performance on the part of the defendant of his part of the contract, it would seem that the court might properly upon motion direct judgment for the plaintiff for the purchase price of these goods. Upon the exhibits uncontradicted, there was clearly shown a good cause of action against the defendant Leviten.

The judgment and order should be modified, therefore, to direct judgment against Leviten upon the pleadings, and striking out the judgment directed against the corporation, and as so modified affirmed, without costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order modified as indicated in opinion, and as so modified affirmed, without costs.